923 HITCHCOCK (Admr.) vs. PROBATE JUDGE (Genesee), No. 13954, 99 M., 128.

To compel respondent to vacate an order setting aside an order disallowing a claim filed against an estate, and granting a rehearing.

Granted February 20, 1894, without costs.

The widow of decedent filed a claim based upon an antenuptial agreement which was disallowed by the probate judge, on the ground that the husband had by will given a legacy in lieu of the debt. The widow then filed her election to take under the statute and not under the will, and asked leave to file another claim and have the disallowance set aside, which was granted.

Held, (1) A judge of probate has no power to set aside his own adjudications and grant rehearings.

Corby vs. Judge of Probate, 96 M., 11 (414).

(2) An application for a mandamus in such cases is properly made to the Supreme Court where the circuit judge was, before taking his seat upon the bench, one of the attorneys in the matter.

924 DE HASS vs. CIRCUIT JUDGE (Newaygo), 46 M., 12.

Held, that mandamus to settle a case for review will not issue to a judge who has resigned since filing his answer to the order to show cause. Relief should be asked from his successor.

Denied April 13, 1881.

925 ADRIAN FURNITURE MANUFACTURING CO. vs. CIRCUIT JUDGE (Lenawee), No. 12837, 92 M., 295.

To extend time to settle bill of exceptions.

Granted June 10, 1892, with costs.

Judgment was entered May 29, 1891. Time to move for a new trial was extended to June 15, 1891. Motion for a new trial was entered June 11, 1891, heard and denied May 12, 1892. In the meantime there had been no extension of time in which to settle a bill of exceptions.